UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA



ADVOCATES FOR THE DISABLED,
INC., a Florida not-for-profit corporation,
PETER SPALLUTO, Individually, and
ERNST ROSENKRANTZ, Individually,

       Plaintiffs,

vs.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General
Partnership, and MICHELE BROWNELL,
General Manager of Sea Castle Resort Inn,

       Defendant.

_____/

## AMENDED COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually, (sometimes jointly referred to herein as "Plaintiff"), sue the Defendant, SEA CASTLE RESORT PARTNERSHIP and MICHELE BROWNELL, (sometimes referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

## JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act,

       42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original



jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

### STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.    Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.    The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

### THE PARTIES AND STANDING

6.    Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because

of their disabilities. Plaintiff, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Plaintiffs, PETER SPALLUTO and ERNST ROSENKRANTZ are Florida residents, are sui juris and qualify as individuals with disabilities as defined by the ADA.

8.    Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.    Defendant, owns; or leases; or leases to; or operates a  place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104.  Defendant  is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as SEA CASTLE RESORT INN and is located at: 730 N. OCEAN BLVD., POMPANO BEACH, FL

### THE INSTANT CLAIM

10.    Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR

36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11.   Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13.   Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less): See attached photograph numbers 1 through 13.

1.   There are only 2 disabled parking spaces provided none are designated van accessible violating section 4.6.1 of the ADAAG. See photograph numbers 10 and 11.

2.   The signs identifying disabled parking spaces throughout the facility are not posted violating section 4.6.4 of the ADAAG. See photograph numbers 10 and 11.

3.    All of the disabled use spaces have no access aisles in violation of sections 4.3.1 and 4.6.3 of the ADAAG. See photograph numbers 10 and 11.

4.    An accessible path or route of travel compliant with the ADAAG 4.3 is not provided as there is not a 36" wide clear path of travel.  See photograph number 1.

5.    Failure to provide accessibility to recreation facilities which do not provide a pool lift for disabled accessibility; not compliant with the ADAAG 4.3.2.  See photograph number 1.

6.    The swimming pool gate lock is not operable with a closed fist this is not compliant with the ADAAG 4.13.9.  See photograph number 4.

7.    The rooms all have door hardware that is inoperable with a closed fist in violation of section 4.13.9 of the ADAAG.  See photograph number 2.

8.    The rooms all have rises at the doorway in violation of section 4.13.8 of the ADAAG.  See photograph number 2.

9.    There is a rise in excess of one half inch at the office entrance in violation of section 4.5.2 of the ADAAG . (No photo)

10.    The facility does not provide any rooms for disabled use in violation of the ADAAG.

11.    The door has a width in violation of section 4.13 of the ADAAG. See photograph number 2.

12.    The controls to various devices throughout the room are inoperable with a closed fist in violation of sections of the ADAAG.

13.    There is no access to the sink in violation of section 4.19 of the ADAAG. See photograph number 7.

14.     There is no accessible route through the room in violation of section 4.3.3 of the ADAAG. See photograph number 9.

15.     There is not a 36" clear maneuvering space along both sides of the bed in violation of section 9.2.2 (1) of the ADAAG.

16.     There is not a 18" space provided at the bathroom door in violation of section 4.13 of the ADAAG.

17.     There are improper clearances and throughout the restroom and no grab bar behind water closet as required in violation of sections 4 and 9 of the ADAAG.  See photograph numbers 7 and 8.

14.     The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15.     The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA .

16.     Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent

have been met by Plaintiff or waived by the Defendant.

18.   Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19.   Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs

Injunctive Relief including an order to alter the Defendant's facility to make those

facilities readily accessible to the Plaintiffs and all other persons with disabilities as

defined by the ADA ; or by closing the facility either temporary or permanently until

such time as  the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    A temporary injunction and a  permanent injunction providing for injunctive

relief against the Defendant including an order to make all readily achievable

alterations to the facility ;or to make such facility readily accessible to and

usable by individuals  with disabilities to the extent required by the ADA.

b.    An award of Attorney's Fees, costs and litigation expense pursuant to 42

U.S.C. 12205.

c.    Such other relief as the Court deems just and proper.

**DATED:** _____

By: John P. Fuller, Esquire
Florida Bar#: 276847
Fuller& Mallah and Associates, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax



#1



#2



#3



#4







#6



#7



#8



#9



#10



# 11



#12



# 13