NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

CASE NO. 00-6025-CIV-MIDDLEBROOKS

ADVOCATES FOR THE DISABLED, INC.,
a Florida not-for-profit corporation, PETER
SPALLUTO, individually, and ERNST
ROSENKRANTZ, individually,

Magistrate Judge Bandstra

        Plaintiffs,

v.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General Partnership,
and MICHELLE BROWNELL, General
Manager of Sea Castle Resort Inn,

        Defendants.



## MOTION TO DISMISS AMENDED COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

    Defendant, MICHELLE BROWNELL ("BROWNELL"), through her undersigned counsel and pursuant to Fed. R. Civ. Pro. 12(b)(2) and (6), respectfully moves this Court for entry of an Order of Dismissal of the Amended Complaint, in its entirety as to BROWNELL, and as grounds in support would state:

INTRODUCTION

    Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALLUTO and ERNST ROSENKRANTZ ("ADVOCATES"), have brought suit for injunctive relief, attorney's fees and costs under the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA"). Specifically,



ADVOCATES allege that a place of public accommodation, the Sea Castle Resort Inn ("Sea Castle") located in Pompano Beach, Florida, is not accessible to and usable by the disabled, as required by Title III of the ADA. As such, ADVOCATES claims they have been discriminated against "and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA." Paragraph 6 of the Amended Complaint.

In the Amended Complaint, ADVOCATES name as Defendants, the Sea Castle Resort Motel Partnership, identified as a Michigan General Partnership, and BROWNELL, identified only in the caption of the Amended Complaint as "General Manager of Sea Castle Resort Inn." BROWNELL is never again identified or reference to in the body of the Amended Complaint and no allegations are specifically addressed to her. On May 17, 2000, the date the Amended Complaint was served on BROWNELL, BROWNELL was employed at the Sea Castle Resort Inn as a phone desk clerk. At no time prior to May 17 of this year was BROWNELL served with any pleading, including the original Complaint, in the instant suit. At no time has BROWNELL owned or operated the Sea Castle Resort Inn. Affidavit of BROWNELL submitted to attest jurisdictional issues and attached hereto as Exhibit "A."[1]

---

[1] In the event this Court determines BROWNELL's status as a proper party defendant to be non-jurisdictional, BROWNELL would request the Court consider the instant Motion as a Motion for Summary Judgment and review the accompanying Affidavit under standards governing the grant of summary judgment. *See*, Fed. Rules Civ. Proc. 12(b)(6), *Geiger v. U. S.*, 707 F. 2nd 157. (Court may treat Motion to Dismiss as a Summary Judgment, thereby requiring affidavits supporting factual allegations.)

Most critically, the Amended Complaint is devoid of any allegations that would support a claim that BROWNELL violated ADVOCATES' rights under the ADA in her capacity as an employee at the Sea Castle. ADVOCATES fail to allege any act or omission performed or otherwise attributable to BROWNELL, which could support a claim upon which relief can be granted as to BROWNELL under Title III of the ADA. Indeed, ADVOCATES fail to allege any facts, whatsoever, to show how BROWNELL is a responsible party for alleged violation of Title III of the ADA, much less a Defendant with requisite authority or control as required by the express language of the ADA and case law interpreting the Act. As such, the Amended Complaint is fatally defective for failure to state a cause of action against BROWNELL upon which relief can be granted and must be dismissed.

DISCUSSION OF AUTHORITY

Only persons who own, lease or operate a place of public accommodation may be liable for discrimination under Title III of the ADA. Specifically, 28 U.S.C 12182 (a) provides, in relevant part:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the privileges...of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

As explained in 28 CFR §36.201(b), a tenant may be a responsible party where the tenant owns or operates the place of public accommodation, as set forth in relevant part:

> Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodation subject to the requirements of this part.

To fall within the statutory responsibility for removal of architectural barriers and maintenance of reasonable access for disabled individuals, a person must be in a position of control or authority to perform the complained of discriminatory acts <u>and</u> such alleged discriminatory acts must be the result of that person's own discretion, as opposed to the implementation of institutional policy or the mandate of a superior. *Howe v. Hull*, 874 F.Supp. 779,788 (N.D. Ohio 1994); *Adkins v. St. Helena Hospital*, 843 F.Supp. 1329 (N.D.Cal. 1994). While an owner could be presumed to be such a person, and a tenant may reasonably be considered the responsible party if the tenant actually operates and controls the subject property, to hold someone <u>other than</u> the actual owner or operating tenant responsible requires the requisite elements of control and authority with respect to the subject property.

The *Hull* case is illustrative of circumstances where an individual may be responsible as an "operator," in contrast to the allegations, or lack thereof, in the Amended Complaint. In *Hull*, the Defendant physician, a Vice-Chief of the subject "public accommodation" hospital and Medical Director of Special Services with discretion over hospital admissions, was sued under ADA for allegedly discriminating in the delivery of medical services. Defendant Hull moved for Summary Judgment arguing he had no liability under the ADA as he was neither the owner nor the operator of the hospital. The Court declined Summary Judgment citing to questions of fact regarding his authority and control with respect to the alleged discrimination, particulary with respect to his authority to admit patients for treatment.

The case of *Aikins v. St. Helena Hospital*, 843 F.Supp. 1329, also illustrates that the ADA's

nondiscrimination obligations are not imposed under a rote agency or employee analysis. In *Aikins*, a deaf woman and an association for the deaf, as Plaintiffs, brought suit against a hospital and an individual physician for an alleged inability of the hospital staff to communicate with the deaf. The Court concluded the ADA did not apply to the physician as he was an "independent contractor" without authority to control hospital policy on the use of interpreters for the deaf. Because the physician had no authority over the allegedly discriminatory practice, the Court concluded that he was not a proper defendant under the ADA. That same result should follow here, where BROWNELL has no authority or discretion over the Sea Castle's physical layout or improvements for disabled access.

Common sense tells us that a phone desk clerk is not a person with requisite authority to be held resopnsible for her employer's property under the ADA. More critically, the Amended Complaint is devoid of any allegations as to how BROWNELL meets the requisite elements upon which a viable claim of discrimination and an award of injunctive relief could be granted under Title III of the ADA.

WHEREFORE, for the foregoing reasons, Defendant, MICHELLE BROWNELL, respectfully requests this Court enter an order dismissing the Amended Complaint as to BROWNELL, or in the alternative, treat the foregoing motion as one for summary final judgment and enter a Final Summary Judgment in her favor as to the claim therein, and for all other such relief as this Court deems just and proper, including her reasonable attorney's fees and costs incurred.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of June, 2000, a true and correct copy of the

Case Number: 00-6025-CIV-MIDDLEBROOKS   Page No. 6

foregoing was mailed to Lawrence A. Fuller, Esq., Fuller, Mallah & Associates, Attorneys for Plaintiff, 1111 Lincoln Road, PH 802, Miami Beach, Florida 33139.

> DUKE, MULLIN & GALLOWAY, P.A.
> Attorneys for Defendant BROWNELL
> 1700 East Las Olas Boulevard, PH-1
> Fort Lauderdale, Florida 33301
> (954) 761-7200 Telephone
> (954) 761-1573 Facsimile
>
> By: _____
> Amy J. Galloway, Esq.
> Florida Bar No. 581429
> Michael P. Hamaway, Esq.
> Florida Bar No. 0081302

G:\CLIENTS\1224\01\MDismiss.brownell.wpd