UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA



ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

    Plaintiff(s),

vs.

SEA CASTLE RESORT MOTEL PARTNERSHIP,
a Michigan Partnership, MICHELE BROWNELL,
as General Manager of Sea Castle Resort Inn,
and LANCASTER SEA CASTLE RESORT, LTD.,
a Florida Limited Partnership,

    Defendant(s).
_____/

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, SEA CASTLE RESORT MOTEL'S MOTION TO DISMISS AMENDED COMPLAINT

The Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALLUTO and ERNST ROSENKRANTZ, by and through their undersigned counsel, and pursuant to the provisions of Rule 7.1C of the Local Rules of the United States District Court for the Southern District of Florida file the following Memorandum in Opposition to the Defendant, Sea Castle Resort Motel Partnership's Motion to Dismiss Amended Complaint.

**Plaintiff's Memorandum of Law in Opposition to**                   CASE NO.00-6025-CIV-MIDDLEBROOKS
**Defendant, Sea Castle Resort Motel's Motion to**
**Dismiss Amended Complaint**
Page 2

## *Memorandum of Law*

The Defendant, SEA CASTLE RESORT MOTEL PARTNERSHIP, has filed a Motion to Dismiss Plaintiffs' Amended Complaint brought pursuant to the provisions of Title III, of the Americans with Disabilities Act, 42 USC 12181,et seq. asserting that the Plaintiff has failed to state a claim upon which relief can be granted as the Defendant, SEA CASTLE RESORT PARTNERSHIP, can not be liable under Title III of the Act, as Defendant, SEA CASTLE RESORT PARTNERSHIP did not own, lease or operate the SEA CASTLE HOTEL at the time the Amended Complaint was filed, citing as authority, Coddington v. Adelphi University, 45 F. Supp 2d. 211( E.D. N.Y.1999),

The Defendant's reliance on Coddington is misplaced. The issue raised by the Defendant, SEA CASTLE RESORT PARTNERSHIP has nothing to do with the discussion in Coddington. Coddington merely discusses in one paragraph on page 214 ,"that the ADA statute and the regulations thereof impose liability on the entity (which includes a "person" ) that owns, operates or leases, the public accommodation. Thus, the question of whether a person is a proper defendant under the ADA turns not on whether the defendant is a person, partnership, corporation or other entity but, instead , whether the defendant owns, leases or operates a place of public accommodation within the meaning of the ADA.

Coddington does not stand for the proposition that at the time an Amended Complaint is filed the Defendant must own or operate the property alleged to be in violation of the ADA, regardless of the date the alleged ADA violation transpired.

In Coddington, the court even has a discussion of the standard of review and states on page

**Plaintiff's Memorandum of Law in Opposition to**　　　CASE NO.00-6025-CIV-MIDDLEBROOKS
**Defendant, Sea Castle Resort Motel's Motion to**
**Dismiss Amended Complaint**
Page 3

212 that, "Defendants' motions are made in the context of a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Motion to Dismiss is properly granted only if "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" Conley vs. Gibson 355 U.S. 41,45-46(1957).

The Defendant, SEA CASTLE RESORT PARTNERSHIP attached to its Motion to Dismiss an affidavit from a general partner that states that as to the two(2) parcels of property where the Sea Castle Hotel is situated, one(1) was owned by and the other was leased by the Defendant, SEA CASTLE RESORT, prior to 3/10/00.

The original complaint in this action was filed by the Plaintiffs on 1/7/00, and an Amended Complaint was filed on April 18,2000 adding as a Defendant, MICHELE BROWNELL, the General Manager of the hotel. Furthermore, being filed simultaneously herewith is a Motion to Amend Complaint and a Second Amended Complaint, which complaint sets forth that Plaintiff, PETER SPALLUTO, was an invitee of the hotel on 11/23/99, and that the hotel was sold on 3/10/00, so leave is sought to include the new owner as an additional Defendant.

The Defendant, SEA CASTLE RESORT PARTNERSHIP, through counsel, mistakenly argue that notwithstanding that they were the owners of the hotel when the Plaintiffs' rights were violated, and when the lawsuit was filed, they are relieved of liability as they sold the hotel before the Amended Complaint was filed, and the Amended Complaint included a paragraph that they were the owners of the hotel. The Plaintiffs' respectfully disagree with this position and if there was a technical error in the pleading, the liberal rules for amendments under the Federal Rules would permit the pleadings, in this situation, to be amended at anytime in the interest of justice. In any

*Plaintiff's Memorandum of Law in Opposition to*     CASE NO.00-6025-CIV-MIDDLEBROOKS
*Defendant, Sea Castle Resort Motel's Motion to*
*Dismiss Amended Complaint*
Page 4

case, leave is being sought to amend the pleadings in the manner set forth above.

Title III of the ADA provides for the plaintiff to obtain injunctive relief, as well as attorneys fees and costs. No authority has been cited by the Defendant that provides that merely because it transfers the subject property, it is thereby relieved of its potential obligation to Plaintiffs' for attorney's fees and costs. There is nothing in the statute supporting such a grossly inequitable proposition.28 CFR& 36.505, provides: "In any action or administrative proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Motion to Dismiss of Defendant, SEA CASTLE RESORT PARTNERSHIP, a Michigan General Partnership, be denied.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this Plaintiffs' Memorandum of Law in Opposition to Defendant, Sea Castle Resort Motel's Motion to Dismiss Amended Complaint was sent by US Mail this ___ day of July, 2000, to: Amy J. Galloway, Esq., Duke, Mullin & Galloway, P.A., attorneys for Defendant, Michelle Brownell, 1700 East Las Olas Boulevard, PH-1, Fort Lauderdale, Florida, and Jeffrey B. Smith, Kelly, Herman & Smith, attorneys for Sea Castle,1401 East Broward Blvd. #206, Ft. Lauderdale, Florida 33301.

**Plaintiff's Memorandum of Law in Opposition to**  CASE NO.00-6025-CIV-MIDDLEBROOKS
**Defendant, Sea Castle Resort Motel's Motion to**
**Dismiss Amended Complaint**
Page 5

                                             Respectfully Submitted,

                                             FULLER & MALLAH AND ASSOCIATES, P.A.
                                             Attorney for Plaintiffs
                                             1111 Lincoln Road, Suite 802
                                             Miami Beach, FL 33139
                                             (305) 538-6483 - Dade
                                             (954) 463-6570 - Broward
                                             (305) 534-9894 - Fax

By _____[signature]_____
                                             Lawrence A. Fuller, Esquire
                                             Florida Bar #0180470

W:\WPDocs\A.D.A\#1252-CYNTHIA BECKMAN\MemOppositMotDismin2Compl.wpd