UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

ADVOCATES FOR THE DISABLED,
INC., PETER SPALLUTO and
ERNST ROSENKRANTZ,

    Plaintiffs,

vs.

SEA CASTLE RESORT MOTEL
PARTNERSHIP and MICHELLE
BROWNELL,

    Defendants.
_____/

CASE NO: 00-6025-CIV
JUDGE: MIDDLEBROOKS
MAGISTRATE: BANDSTRA

### DEFENDANT, SEA CASTLE RESORT MOTEL PARTNERSHIP'S REPLY TO PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS AMENDED COMPLAINT

**COMES NOW THE** Defendant, SEA CASTLE RESORT MOTEL PARTNERSHIP ("SEA CASTLE"), by and through its undersigned attorneys and makes this its Reply to Plaintiffs' Memorandum of Law in Opposition to SEA CASTLE's Motion to Dismiss Plaintiffs' Amended Complaint and in furtherance thereof would state as follows:

1. That SEA CASTLE filed a Motion to Dismiss Plaintiffs' Amended Complaint based upon the fact that it was no longer the owner of the subject property and as a matter of law it would be physically impossible to enter injunctive relief against SEA CASTLE forcing it to correct inadequacies of the subject property when it had no right, title or interest in the property and no right of access or possession to the property.

NON-COMPLIANCE OF S.D. Fla. L.R. 5.1.A.

7. That the major flaw with approaching Americans With Disabilities Act cases in this manner is that owners of property are never placed upon notice that any circumstances exist which would interfere with the owner's use or sale of the property until they are served with process.

8. That the Plaintiffs and their lawyers having elected to file suit and not serve SEA CASTLE and thereafter having elected to file an Amended Complaint after SEA CASTLE sold their property without notice of Plaintiffs' claim, should not be entitled to take advantage of their own actions and continue to hold SEA CASTLE in this lawsuit.

**WHEREFORE** Defendant, SEA CASTLE RESORT MOTEL PARTNERSHIP, by and through their undersigned attorneys, move this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice and to award it such further and other relief as is just and equitable under the circumstances.

**I HEREBY CERTIFY** that a copy of the foregoing was furnished via U.S. Mail on this 14th day of July 2000 to: Lawrence W. Fuller, Esq., Fuller, Mallah & Associates, P.A., 111 Lincoln Rd., #802, Miami Beach, FL 33139 and Amy J. Galloway, Esquire, Duke, Mullin & Galloway, P.A. 1700 East Las Olas Blvd., PH-1, Ft. Lauderdale, Florida 33301.

Kelley, Herman & Smith
Attorneys for Sea Castle
1401 East Broward Blvd., #206
Ft. Lauderdale, Florida 33301
(954) 462-7806

JEFFREY B. SMITH
Florida Bar No: 356050

3

2. That Plaintiffs have filed a Memorandum of Law in Opposition to SEA CASTLE's Motion wherein they do not argue that injunctive relief could be entered against SEA CASTLE, but instead the Plaintiffs' complain that SEA CASTLE should not be allowed to avoid paying the Plaintiffs' attorney's fees, costs and expenses.

3. That Plaintiffs went so far as to claim that it would "be grossly inequitable" to allow the property owner to avoid an obligation to pay attorney's fees, costs and expenses to a Plaintiff by simply transferring ownership of the property in the middle of litigation.

4. That the major flaw with Plaintiffs' argument is that SEA CASTLE was never aware that Plaintiffs' claimed that the property which it previously owned was in violation of The American's with Disabilities Act.

5. That SEA CASTLE was never advised by letter, pleading or other process that Plaintiffs' claimed that the subject property violated the Americans With Disabilities Act. The Plaintiffs instead filed suit without warning solely for the purpose of attempting to recover attorney's fees, costs and expenses.

6. That had Plaintiffs simply provided a notice to SEA CASTLE at the time that it owned the subject property and had SEA CASTLE corrected the problems complained of within that notice, then in that event Plaintiffs' attorneys would not be entitled to claim attorney's fees, costs and expenses.