IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

CASE NO. 00-6025-CIV-MIDDLEBROOKS

Magistrate Judge Bandstra

ADVOCATES FOR THE DISABLED, INC.,
a Florida not-for-profit corporation, PETER
SPALLUTO, individually, and ERNST
ROSENKRANTZ, individually,

        Plaintiffs,
v.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General Partnership,
and MICHELE BROWNELL, General
Manager of Sea Castle Resort Inn,

        Defendants.
_____/

## MICHELE BROWNELL'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MICHELLE BROWNELL'S MOTION TO DISMISS

Defendant, MICHELE BROWNELL ("BROWNELL"), through her undersigned counsel and pursuant to the provisions of Rule 7.1C of the Local Rules of the United States District Court for the Southern District of Florida, files the following Memorandum of Law in Support of her Motion to Dismiss Amended Complaint, and replying to those matters raised by Plaintiffs', ADVOCATES FOR THE DISABLED, INC., et. al., ("ADVOCATES"), Memorandum of Law in Opposition to BROWNELL's Motion to Dismiss Amended Complaint ("Memorandum in Opposition").

### MEMORANDUM OF LAW

ADVOCATES' Memorandum in Opposition is notable more for its omissions than its

content. It does not contain any response to the central thrust of BROWNELL's Motion to Dismiss that the Amended Complaint fails to allege *any* act or omission performed or otherwise attributable to BROWNELL, which could support a claim upon which relief may be granted under Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et seq. (occasionally, "Title III" or "ADA"). Specifically, ADVOCATES fails to make *any* allegation to evidence that BROWNELL was vested with the requisite authority or control over the property as required by the express language of the ADA and case law interpreting the Act. In order to state a claim against BROWNELL, an employee of the Sea Castle Resort Inn, ADVOCATES must do more than assign BROWNELL the conclusory title of "General Manager" in the caption of the Amended Complaint. Even under the "notice pleading" standard, ADVOCATES must allege how BROWNELL meets the essential elements of authority and/or operational control. ADVOCATES' Amended Complaint, which does little more than place BROWNELL's name in its caption, is insufficient as a matter of law.

Fed. R. Civ. Pro. 8(a) provides that, "A pleading which sets forth a claim for relief...shall contain a short plain statement of the grounds upon which the court's jurisdiction depends [and]...a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint, as drafted, entirely fails to provide *any* notice to BROWNELL of what actions or omissions subject her to this Court's jurisdiction or, alternatively, gives rise to ADVOCATES' claim for relief. BROWNELL should not be required to answer the action by guessing which of the shotgun style allegations ADVOCATES consolidates under the singular form of the noun, "Defendant" are, in fact, directed to her.

Although the cases cited in support of Plaintiff's Memorandum in Opposition recite the

correct principles of law to be considered in reviewing a Motion to Dismiss, these cases fail to provide ADVOCATES any safe harbor. Indeed, it is well established that the court must view the allegations of the Complaint in a light most favorable to the Plaintiff. *See generally*, Jackson v. Okalososa County, 21 F.3rd 1532, 1534 (11th Cir. 1994) (ADVOCATES' Memorandum in Opposition, Page 2). However, as set forth above, ADVOCATES has failed to provide any specific allegations as to BROWNELL which this court could consider, regardless of in what light the Court considered them. Interestingly, ADVOCATE's Memorandum in Opposition states that, "The complaint alleges that she is the General Manager and the reasonable inference therefrom is that the Defendant, MICHELE BROWNELL, has operational authority over the place of public accommodation." ADVOCATES' characterization is simply incorrect. The Amended Complaint states no such thing. BROWNELL is mentioned only once, in the caption, wherein she is labeled as "the General Manager of the Sea Castle Resort Inn." BROWNELL is never again identified or referenced in the body of the Amended Complaint and no allegations are specifically addressed to her.

Moreover, an actual allegation in the body of the Amended Complaint that BROWNELL is the "General Manager" (even if ADVOCATES were to allege that) fails to give rise to any reasonable inference that BROWNELL "operates" the facility within the parameters necessary to impose liability under Title III, that BROWNELL has both the control or authority to perform the allegedly discriminatory acts *and* that such acts are the result of her own discretion, as opposed to the policy or mandate of a superior. *See* Howe v. Hull, 874 F. Supp 779,788 (N.D. Ohio 1994).

Finally, ADVOCATES attaches a business card as an exhibit to their Memorandum in

Case Number: 00-6025-CIV-MIDDLEBROOKS   Page No. 4

Opposition to BROWNELL's requests that the Court consider the motion and attachment alternatively under a Summary Judgement analysis. Fed. R. Civ. Pro. 56(a) provides that a party may "move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." Suffice it to say, an undated, unverified photocopy of a business card is not an affidavit, and its attachment is legally insufficient. While it is clear that the movant bears the initial burden of presenting evidence sufficient to demonstrate the absence of a genuine issue of material fact, once the movant has met its burden, the non-movant must then designate, by affidavits, depositions, admissions, and answers to interrogatories, specific facts showing the existence of a genuine issue for trial. *See*, Celotex Co. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed.2d 265 (1986); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir.1995). ADVOCATES has failed to designate, by affidavit or otherwise, the existence of a genuine issue for trial. BROWNELL stands resolutely behind her *uncontroverted* affidavit, previously filed in support of her Motion to Dismiss/Motion for Summary Judgement.

. In conclusion, even though ADVOCATES might attempt to stretch the reasonable and traditional application of Title III to an uninvolved employee of a defendant, either for efficiency of service of process or, some other "strategic" reason, ADVOCATES must still meet the basic pleading requirements applicable to all civil actions. A blanket claim that an individual is the responsible party, without benefit of any factual allegations that would support that legal conclusion, is insufficient as a matter of law. ADVOCATES' Amended Complaint provides no notice to BROWNELL of the acts giving rise to a viable claim for relief, and her Motion to Dismiss Amended Complaint should be granted.

**1700 East Las Olas Blvd ■ Penthouse I ■ Ft. Lauderdale, FL 33301 ■ Tel. (954) 761-7200**

Case Number: 00-6025-CIV-MIDDLEBROOKS    Page No. 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3d day of July, 2000, a true and correct copy of the foregoing Reply Memorandum of Law was mailed to Lawrence A. Fuller, Esq., Fuller, Mallah & Associates, Attorneys for Plaintiff, 1111 Lincoln Road, PH 802, Miami Beach, Florida 33139 and to Jeffrey B. Smith, Esq., 1401 East Broward Boulevard, Suite 206, Fort Lauderdale, Florida 33301.

> DUKE, MULLIN & GALLOWAY, P.A.
> Attorneys for Defendant BROWNELL
> 1700 East Las Olas Boulevard, PH-1
> Fort Lauderdale, Florida 33301
> (954) 761-7200 Telephone
> (954) 761-1573 Facsimile
>
> By: _____
> Amy J. Galloway, Esq.
> Florida Bar No. 581429
> Michael P. Hamaway, Esq.
> Florida Bar No. 0081302

G:\CLIENTS\1224\01\MDismiss.reply.wpd