

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

        Plaintiff(s),

vs.

SEA CASTLE RESORT MOTEL PARTNERSHIP,
a Michigan Partnership, MICHELE BROWNELL,
as General Manager of Sea Castle Resort Inn,
and LANCASTER SEA CASTLE RESORT, LTD.,
a Florida Limited Partnership,

        Defendant(s).

_____/

## SECOND AMENDED COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation,

PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually, (sometimes jointly

referred to herein as "Plaintiff"), sue the Defendant(s), SEA CASTLE RESORT MOTEL

PARTNERSHIP, a Michigan Partnership, MICHELE BROWNELL, as General Manager of Sea

Castle Resort Inn, and LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership,

(sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

1

Second Amended Complaint                                      CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 2

## JURISDICTION AND VENUE

1.    This action arises from a violation of Title III of the Americans With Disabilities Act, 42
      U.S.C. § 12181, et seq. as more fully set forth herein.  This Court has original jurisdiction
      pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.    Venue lies in this district as the property which is the subject matter of this claim is  located
      in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990,
      establishing important civil rights for individuals with disabilities, including the right to full
      and equal enjoyment of the goods, services, facilities, privileges, and access to places of
      public accommodation.

4.    Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation
      shall discriminate against an individual, on the basis of such individual's disability, with
      regard to the full and equal enjoyment of the goods, services, facilities, privileges,
      advantages, or accommodations at that place of public accommodation.

5.    The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the
      Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C.
      12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.    Plaintiff, ERNST ROSENKRANTZ is a Florida resident, is sui juris and qualifies as an
      individual with disabilities as defined by the ADA. He was afflicted with Polio in 1945 and

2

Second Amended Complaint                                           CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 3

        ambulates by wheelchair.

6a.      ROSENKRANTZ is president of ADVOCATES FOR THE DISABLED, INC. a Florida not for profit corporation.

6b.      ROSENKRANTZ maintains his primary residence in South Florida and a secondary residence in North Carolina. He travels extensively by automobile throughout the South Eastern United States.

6c.      ROSENKRANTZ'S role as a member of ADVOCATES and as its president is to seek enforcement and compliance with the ADA throughout the area where members of ADVOCATES live and travel so that they and himself can avail themselves of the facilities, services and goods available to the public at large without discrimination based upon barriers to access.

6d.      Members of ADVOCATES live throughout Florida and desire to avail themselves of facilities open to the general public in Florida .

6e.      ROSENKRANTZ was aware of the Defendant's non-compliance, through members of ADVOCATES who prior to the filing of the lawsuit have been to the Defendant's property. ROSENKRANTZ has remained aware of the property's continuing non-compliance since the filing of the lawsuit.

6f.      Plaintiff, SPALLUTO is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. SPALLUTO has visited the property which forms the basis of this lawsuit. He plans to return to the property to avail himself of the goods and the services offered to the public at the property.

3

Second Amended Complaint                                    CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 4

6g.     The barriers to access at the property described below have effectively denied or diminished

        SPALLUTO's ability to visit the property and have endangered his safety.  Those barriers

        to access involving parking and path of travel at this property have posed a risk of injury to

        SPALLUTO by causing him to not have enough room to negotiate his way out of the parking

        space or by not having a proper path of travel from parking to the facility.  He and other

        members of ADVOCATES FOR THE DISABLED, INC., who have been and want to

        continue to go to the property face the risk of not being seen by an oncoming automobile

        when exiting from a parking space without a properly designated access aisle or face the

        difficulty of gaining entry into the premises without a proper ramp. Every other barrier to

        access as described in this complaint causes SPALLUTO and other members of

        ADVOCATES FOR THE DISABLED, INC., similar  risk of injury, embarrassment or

        discomfort .

6h.     SPALLUTO lives in proximity to the defendant's Hotel. He has been to the property prior

        to the filing of this action and desires to visit the property again to use the goods and services

        available at the property.  SPALLUTO is a member of ADVOCATES.

6i.     ROSENKRANTZ, SPALLUTO and the members of the class of disabled individuals who

        are the members of ADVOCATES have a realistic, credible, existing and continuing threat

        of discrimination from the defendant's non-compliance with the ADA with respect to this

        property as described but not necessarily limited to the allegations  in paragraph 13 of this

        complaint.

6j.     ROSENKRANTZ and SPALLUTO desire to visit the defendant's property not only to avail

                                              4

themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and the members of ADVOCATES will have full and equal enjoyment of the property without fear of discrimination.

6k.    ROSENKRANTZ, SPALLUTO and members of ADVOCATES cannot visit or use this property without risk of injury, embarrassment or discomfort so long as these barriers to access remain.

6l.    In addition, all persons with similar disabilities to SPALLUTO and ROSENKRANTZ, including the members of ADVOCATES, will be denied access to the property based on the same barriers to access.

7.    Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ADVOCATES, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES has also been discriminated against because of its association with its disabled members and their claims.

8.    Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.    Defendant, SEA CASTLE RESORT MOTEL PARTNERSHIP, a Michigan General

Second Amended Complaint                                    CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 6

Partnership, was the owner of the Sea Castle Hotel, the subject property, at the time Plaintiff,

PETER SPALLUTO was an invitee of the hotel on November 23,1999.

10.    Defendant , Michelle Brownell was the general manager and operator of the hotel at the time.

Plaintiff, PETER SPALLUTO was an invitee of the hotel.

11.    Defendant, LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership,

is the present owner of the hotel , having acquired title thereto on March 10, 2000.

12.    Defendant, owns; or leases; or leases to; or operates a  place of public accommodation as

defined by the ADA and the regulations implementing the ADA  28 CFR 36.201(a) and

36.104. Defendant is responsible for complying with the obligations of the ADA. The place

of public accommodation that the Defendant owns, operates, leases or leases to is known as

SEA CASTLE HOTEL and is located at: 730 N. Ocean Boulevard Pompano Beach, Florida

33062.

## THE INSTANT CLAIM

13.    Defendant is required to remove architectural barriers to the physically disabled when such

removal is readily achievable for its place of public accommodation that has existed prior to

January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to

Defendant's place of public accommodation since January 26,1992, then the Defendant is

required to ensure to the maximum extent feasible, that the altered portions of the facility are

readily accessible to and useable by individuals with disabilities, including individuals who

use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was

designed and constructed for first occupancy subsequent  to January 26,1993 as defined in

6

28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.    Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

15.    Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges , advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

16.    Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

*******************************
17.    The discriminatory violations described in Paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18.    The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the

7

Second Amended Complaint                                   CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 8

ADA

19.     Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable
        Attorneys' Fees including costs and expenses incurred in this action.  Plaintiffs are entitled
        to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42
        U.S.C. § 12205 and 28 CFR 36.505.

20.     Notice to Defendant is not required as a result of the Defendant's failure to cure the
        violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees
        and gross receipts of $ 500,000 or less). All other conditions precedent have been met by
        Plaintiff or waived by the Defendant.

21.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

22.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive
        Relief including an order to alter the Defendant's facility to make those facilities readily
        accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or
        by closing the facility either temporary or permanently  until such time as  the defendant
        cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

        a.      A temporary injunction and a  permanent injunction providing for injunctive relief
                against the Defendant including an order to make all readily achievable alterations
                to the facility ;or to make such facility readily accessible to and usable by individuals
                with disabilities to the extent required by the ADA.

8

Second Amended Complaint                                 CASE NO.00-6025-CIV-MIDDLEBROOKS
Page 9

    b.     An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C.

           12205.

    c.     Such other relief as the Court deems just and proper.

DATED: _____7/5/00_____

                                **FULLER, MALLAH AND ASSOCIATES, P.A.**
                                Attorney for Plaintiffs
                                1111 Lincoln Road, Suite 802
                                Miami Beach, FL 33139
                                (305) 538-6483 - Dade
                                (954) 463-6570 - Broward
                                (305)534-9894 - Fax

                                By_____
                                Lawrence A. Fuller, Esquire
                                Florida Bar No.: 0180470

W:\WPDocs\A.D.A\#1252-CYNTHIA BECKMAN\2nd amend complaint.wpd

9