IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

CASE NO. 00-6025-CIV-MIDDLEBROOKS

ADVOCATES FOR THE DISABLED, INC.,      Magistrate Judge Bandstra
a Florida not-for-profit corporation, PETER
SPALLUTO, individually, and ERNST
ROSENKRANTZ, individually,

        Plaintiffs,
v.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General Partnership,
and MICHELE BROWNELL, General
Manager of Sea Castle Resort Inn,

        Defendants.
_____/

## MOTION TO DISMISS SECOND AMENDED COMPLAINT AND
## INCORPORATED MEMORANDUM OF LAW

Defendant, MICHELE BROWNELL ("BROWNELL"), through her undersigned counsel and pursuant to Fed. R. Civ. Pro. 12(b)(2) and (6), respectfully moves this Court for entry of an Order of Dismissal of the Second Amended Complaint, in its entirety as to BROWNELL, and as grounds in support would state:

INTRODUCTION

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALLUTO and ERNST ROSENKRANTZ ("ADVOCATES"), have brought suit for injunctive relief, attorney's fees and costs under the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA"). Specifically,

ADVOCATES allege that unidentified "barriers to access" exist at a place of public accommodation, the Sea Castle Resort Inn ("Sea Castle") located in Pompano Beach, Florida, that result in a denial of access and ability to use the property by the disabled, as required by Title III of the ADA.

In the recently granted Motion to Amend to file a Second Amended Complaint, ADVOCATES admit the Sea Castle was sold and seek to amend the First Amended Complaint to include the new owner of record, Lancaster Sea Castle Resort, Ltd. Despite this acknowledgment, in the Second Amended Complaint, ADVOCATES again name the prior owner, the Sea Castle Resort Motel Partnership, identified as a Michigan General Partnership and BROWNELL, now identified in paragraph 10 as the "General Manager of Sea Castle Resort Inn." As in the First Amended Complaint, BROWNELL is never again identified or referenced to in the body of the Second Amended Complaint and no allegations are specifically addressed to her.

Absolutely no other allegations are included in the Second Amended Complaint addressing the defects giving rise to BROWNELL's Motion to Dismiss the First Amended Complaint. Nor can such defects be cured as BROWNELL is not a property party defendant to this instant suit. BROWNELL was first served in this suit and made aware of ADVOCATES claims on May 17, 2000, by service of the First Amended Complaint. As of that date BROWNELL was employed at the Sea Castle Resort Inn as a phone desk clerk. At no time prior to May 17 of this year was BROWNELL served with any pleading, including the original Complaint, in the instant suit. At no time prior to service or thereafter has BROWNELL owned or operated the Sea Castle Resort Inn.

Affidavit of BROWNELL submitted to attest jurisdictional issues and attached hereto as Exhibit "A."[1]

Most critically, the Second Amended Complaint is devoid of any allegations that would support a claim that BROWNELL violated ADVOCATES' rights under the ADA in her capacity as an employee at the Sea Castle. ADVOCATES fail to allege any act or omission performed or otherwise attributable to BROWNELL which could support a claim upon which relief can be granted as to BROWNELL under Title III of the ADA. Indeed, ADVOCATES fail to allege any facts, whatsoever, to show how BROWNELL is a responsible party for an alleged violation of Title III of the ADA, much less a Defendant with requisite authority or control as required by the express language of the ADA and case law interpreting the Act. As such, the Second Amended Complaint is fatally defective for failure to state a cause of action against BROWNELL upon which relief can be granted and must be dismissed.

## DISCUSSION OF AUTHORITY

Only persons who own, lease or operate a place of public accommodation may be liable for discrimination under Title III of the ADA. Specifically, 28 U.S.C 12182 (a) provides, in relevant part:

---

[1] In the event this Court determines BROWNELL's status as a proper party defendant to be non-jurisdictional, BROWNELL would request the Court consider the instant Motion as a Motion for Summary Judgment and review the accompanying Affidavit under standards governing the grant of summary judgment. *See,* Fed. Rules Civ. Proc. 12(b)(6), *Geiger v. U. S.,* 707 F. 2nd 157. (Court may treat Motion to Dismiss as a Summary Judgment, thereby requiring affidavits supporting factual allegations.)

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the privileges...of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

The reasoning for this requirement of actual ownership or control is obvious. As the only remedy available under Title III is injunctive relief to physically bring the property within ADA compliance, it logically follows that a defendant against whom injunctive relief is sought must have the authority and right to effectuate such compliance. As illustrated in 28 CFR §36.201(b), which addresses tenant liability, a tenant may be a responsible party only where the tenant <u>owns</u> or <u>operates</u> the place of public accommodation, as set forth in relevant part:

> Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodation subject to the requirements of this part.

To fall within the statutory responsibility for removal of architectural barriers and maintenance of reasonable access for disabled individuals, a person must be in a position of control or authority to perform the complained of discriminatory acts <u>and</u> such alleged discriminatory acts must be the result of that person's own discretion, as opposed to the implementation of institutional policy or the mandate of a superior. *Howe v. Hull*, 874 F.Supp. 779,788 (N.D. Ohio 1994); *Adkins v. St. Helena Hospital*, 843 F.Supp. 1329 (N.D.Cal. 1994). While an owner could be presumed to be such a person, and a tenant may reasonably be considered the responsible party if the tenant actually operates and controls the subject property, to hold someone <u>other than</u> the actual owner or operating tenant responsible requires the requisite elements of control and authority with respect to the subject property.

The *Hull* case is illustrative of circumstances where an individual may be responsible as an "operator," and glaringly illustrates the total absence of allegations sufficient to establish a cause of action upon which relief may be granted in the Second Amended Complaint. In *Hull*, the Defendant physician, a Vice-Chief of the subject "public accommodation" hospital and Medical Director of Special Services with discretion over hospital admissions, was sued under ADA for allegedly discriminating in the delivery of medical services. Defendant Hull moved for Summary Judgment arguing he had no liability under the ADA as he was neither the owner nor the operator of the hospital. The Court declined Summary Judgment citing to questions of fact regarding his authority and control with respect to the alleged discrimination, particulary with respect to his authority to admit patients for treatment.

The case of *Adkins v. St. Helena Hospital*, 843 F.Supp. 1329, also illustrates that the ADA's nondiscrimination obligations are not imposed under a rote agency or employee analysis. In *Adkins*, a deaf woman and an association for the deaf, as Plaintiffs, brought suit against a hospital and an individual physician for an alleged inability of the hospital staff to communicate with the deaf. The Court concluded the ADA did not apply to the physician as he was an "independent contractor" without authority to control hospital policy on the use of interpreters for the deaf. Because the physician had no authority over the allegedly discriminatory practice, the Court concluded that he was not a proper defendant under the ADA. That same result should follow here, where BROWNELL has no authority or discretion over the Sea Castle's physical layout or improvements for disabled access and ADVOCATES does not allege otherwise.

Both this Court and the Eleventh Circuit Court of Appeals have addressed the issue by stating

than an employee may not be held responsible under other sections of the ADA. Although factually distinguishable, the reasoning of these cases is persuasive. In *Mason v. Stallings,* 82 F. 3d 1007 (11th Cir. 1996), a county employee brought an action against the county, and the commissioners individually, alleging that he was not properly accommodated under the ADA after two job related injuries resulted in permanent disability. In a situation similar to one *sub judice*, the plaintiff in *Mason* attempted to sue the commissioners individually because the definition of "employer" under the Act includes "any agent of such person." The court rejected that approach, holding that the ADA does not provide for individual liability, only for actual owner/employer liability. They stated, in relevant part:

> We hold that the Disabilities Act does not provide for individual liability, only for employer liability. The Seventh Circuit appears to be the only Circuit thus far to rule directly that only the employer, not individual employees, can be liable under the Americans with Disabilities Act. *EEOC v. AIC Sec. Inv.*, 55 F.3d 1276, 1279-82 (7th Cir.1995). We follow that holding and the reasoning of Judge Michael S. Kanne's thorough opinion for that court.
>
> The definition of "employer" in the Disabilities Act is like the definitions in Title VII of the 1994 Civil Rights Act, 42 U.S.C. § 2000e(b), and in the Age Discrimination in Employment Act, 29 U.S.C. § 630(b). This Circuit has previously held that there is no individual responsibility under either of those Acts. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) ( "The relief granted under Title VII is against the employer, not individual (Cite as: 82 F.3d 1007, *1009)employees whose actions would constitute a violation of the Act."). *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir.1995) (Individuals "cannot be held liable under the ADEA or Title VII."). The *Smith* Court relied on Busby for Title VII, and Fourth and Ninth Circuit decisions for ADEA. *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir.) ("[T]he ADEA limits civil liability to the employer...."), cert. denied, 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir.1993) (Title VII and ADEA), cert. denied, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed.2d 372 (1994).

*See, also, Fernandez v. Community Asphalt, Inc.,* 934 F. Supp. 418 (S. D. Fla.1996), holding that suits against individuals are not allowed under either Title VII, the ADEA, or the ADA; relief is granted against employers, not individual employees whose actions would constitute a violation of the acts.

Common sense tells us that a phone desk clerk does not "own, lease or operate a place of public accommodation" within the meaning of the ADA. In fact, no individual employee, no matter what title ADVOCATES chooses to bestow upon them, can be said to "own, lease or operate a public accommodation as required by Title III of the Act. BROWNELL, as a matter of law, simply does not have requisite authority to be held responsible for her employer's property under the ADA, let alone authority to order remedial construction or other physical changes to the Sea Castle Inn pursuant to any injunctive relief available as Defendant's sole remedy. Alternatively, Paragraph 10 of the Second Amended Complaint fails to provide any reasonable inference that BROWNELL has either the requisite control or authority to perform the allegedly discriminatory acts and that such acts are the result of her own discretion, as opposed to the policy or mandate of her superior. *See, Howe v. Hull,* F. Supp 779,788 (N.D. Ohio 1994).

In summary, the Second Amended Complaint is completely devoid of any allegations as to how BROWNELL meets the requisite elements upon which a viable claim of discrimination and an award of injunctive relief could be granted under Title III of the ADA. The Second Amended Complaint wholly fails to correct the fatal deficiencies outlined in BROWNELL's prior Motion to Dismiss, even though ADVOCATES admits the ownership of Sea Castle has changed and, as such, fails to state a claim upon which relief may be granted as to MICHELE BROWNELL.

WHEREFORE, for the foregoing reasons, Defendant, MICHELE BROWNELL, respectfully requests this Court enter an order dismissing the Second Amended Complaint as to BROWNELL, or in the alternative, treat the foregoing motion as one for summary final judgment and enter a Final Summary Judgment in her favor as to the claim therein, and for all other such relief as this Court deems just and proper, including her reasonable attorney's fees and costs incurred.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22th day of September, 2000, a true and correct copy of the foregoing was mailed to Lawrence A. Fuller, Esq., Fuller, Mallah & Associates, Attorneys for Plaintiff, 1111 Lincoln Road, PH 802, Miami Beach, Florida 33139 and Jeffrey B. Smith, Esq., 1401 East Broward Blvd., Suite 206, Fort Lauderdale, Florida 33301.

        DUKE, MULLIN & GALLOWAY, P.A.
        Attorneys for Defendant BROWNELL
        1700 East Las Olas Boulevard, PH-1
        Fort Lauderdale, Florida 33301
        (954) 761-7200 Telephone
        (954) 761-1573 Facsimile

        By: _____
        Amy J. Galloway, Esq.
        Florida Bar No. 581429
        Michael P. Hamaway, Esq.
        Florida Bar No. 0081302

G:\CLIENTS\1224\01\2dMDismiss.brownell.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA

ADVOCATES FOR THE DISABLED,
INC., a Florida not-for-profit corporation,
PETER SPALLUTO, individually, and
ERNST ROSENKRANTZ, individually,

        Plaintiffs,

vs.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General
Partnership, and MICHELE BROWNELL,
General Manager of Sea Castle Resort Inn,

        Defendants.
_____/

## CORRECTED AFFIDAVIT IN SUPPORT OF
## MOTION TO DISMISS AMENDED COMPLAINT

STATE OF FLORIDA

COUNTY OF BROWARD

    BEFORE ME, the undersigned authority, personally appeared MICHELE BROWNELL, and who, being first duly sworn, on oath deposes and says:

    1.    I am above the age of 18, fully competent to testify, and have personal knowledge of the facts contained herein.

    2.    I am an employee of the Sea Castle Resort Inn.

    3.    I am employed in the capacity of a phone desk clerk.

    4.    I am not a general manager of the Sea Castle Resort Inn, nor do I have any authority over decisions regarding the operation, maintenance or control of the Sea Castle Resort Inn,

including any decisions as to the physical layout and architectural design of the property, any improvements or alteration of the property for disabled access or utilization.

5.  The extent of my duties and responsibilities, pursuant to my position at the Sea Castle Resort Inn, is limited to answering the telephone, making reservations, checking in guests, and checking out guests.

FURTHER AFFIANT SAYETH NAUGHT.

*Michele Brownell*
MICHELE BROWNELL

SWORN TO and subscribed before me on the 12th day of June, 2000 at the County and State last aforesaid.

Personally known ✓
Provided Indentification ___
Type of Identification
_____

Notary Public Signature
Kimberly S. Brizendine
Commission # CC 731056
Expires April 6, 2002
BONDED THRU
Printed or Typed Name of Notary Public

My commission expires:

G:\CLIENTS\1224\01\Brownell.correctaff.wpd