UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA



ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually,

Plaintiffs,

vs.

SEA CASTLE RESORT MOTEL PARTNERSHIP, a Michigan Partnership, MICHELE BROWNELL, as General Manager of Sea Castle Resort Inn, and LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership,

Defendants.
_______________________________________/

**SECOND AMENDED COMPLAINT**
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, PETER SPALLUTO, Individually, and ERNST ROSENKRANTZ, Individually, (sometimes jointly referred to herein as "Plaintiff"), sue the Defendant(s), SEA CASTLE RESORT MOTEL PARTNERSHIP, a Michigan Partnership, MICHELE BROWNELL, as General Manager of Sea Castle Resort Inn, and LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership, (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").





## JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ERNST ROSENKRANTZ is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. He was afflicted with Polio in 1945 and

ambulates by wheelchair.

6a. ROSENKRANTZ is president of ADVOCATES FOR THE DISABLED, INC. a Florida not for profit corporation.

6b. ROSENKRANTZ maintains his primary residence in South Florida and a secondary residence in North Carolina. He travels extensively by automobile throughout the South Eastern United States.

6c. ROSENKRANTZ'S role as a member of ADVOCATES and as its president is to seek enforcement and compliance with the ADA throughout the area where members of ADVOCATES live and travel so that they and himself can avail themselves of the facilities, services and goods available to the public at large without discrimination based upon barriers to access.

6d. Members of ADVOCATES live throughout Florida and desire to avail themselves of facilities open to the general public in Florida .

6e. ROSENKRANTZ was aware of the Defendant's non-compliance, through members of ADVOCATES who prior to the filing of the lawsuit have been to the Defendant's property. ROSENKRANTZ has remained aware of the property's continuing non-compliance since the filing of the lawsuit.

6f. Plaintiff, SPALLUTO is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. SPALLUTO has visited the property which forms the basis of this lawsuit. He plans to return to the property to avail himself of the goods and the services offered to the public at the property.

6g. The barriers to access at the property described below have effectively denied or diminished SPALLUTO's ability to visit the property and have endangered his safety. Those barriers to access involving parking and path of travel at this property have posed a risk of injury to SPALLUTO by causing him to not have enough room to negotiate his way out of the parking space or by not having a proper path of travel from parking to the facility. He and other members of ADVOCATES FOR THE DISABLED, INC., who have been and want to continue to go to the property face the risk of not being seen by an oncoming automobile when exiting from a parking space without a properly designated access aisle or face the difficulty of gaining entry into the premises without a proper ramp. Every other barrier to access as described in this complaint causes SPALLUTO and other members of ADVOCATES FOR THE DISABLED, INC., similar risk of injury, embarrassment or discomfort .

6h. SPALLUTO lives in proximity to the defendant's Hotel. He has been to the property prior to the filing of this action and desires to visit the property again to use the goods and services available at the property. SPALLUTO is a member of ADVOCATES.

6i. ROSENKRANTZ, SPALLUTO and the members of the class of disabled individuals who are the members of ADVOCATES have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

6j. ROSENKRANTZ and SPALLUTO desire to visit the defendant's property not only

to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and the members of ADVOCATES will have full and equal enjoyment of the property without fear of discrimination.

6k. ROSENKRANTZ, SPALLUTO and members of ADVOCATES cannot visit or use this property without risk of injury, embarrassment or discomfort so long as these barriers to access remain.

6l. In addition, all persons with similar disabilities to SPALLUTO and ROSENKRANTZ, including the members of ADVOCATES, will be denied access to the property based on the same barriers to access.

7. Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ADVOCATES, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES has also been discriminated against because of its association with its disabled members and their claims.

8. Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9. Defendant, SEA CASTLE RESORT MOTEL PARTNERSHIP, a Michigan General

Partnership, was the owner of the Sea Castle Hotel, the subject property, at the time, Plaintiff, PETER SPALLUTO was an invitee of the hotel, on November 23,1999.

10. Defendant , Michelle Brownell, was the General Manager and operator of the Hotel at the time. Plaintiff, PETER SPALLUTO, was an invitee of the hotel on November 23, 1999.

11. Defendant, LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership, is the present owner of the hotel , having acquired title thereto on March 10, 2000.

12. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as SEA CASTLE HOTEL and is located at: 730 N. Ocean Boulevard Pompano Beach, Florida 33062.

**THE INSTANT CLAIM**

13. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the

ADA.

14. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

15. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges , advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

16. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

16a. There are only 2 disabled parking spaces provided none are designated van accessible violating section 4.6.1 of the ADAAG. See photograph numbers 10 and 11.

16b. The signs identifying disabled parking spaces throughout the facility are not posted violating section 4.6.4 of the ADAAG. See photograph numbers 10 and 11.

16c. All of the disabled use spaces have no access aisles in violation of sections 4.3.1 and 4.6.3 of the ADAAG. See photograph numbers 10 and 11.

16d. An accessible path or route of travel compliant with the ADAAG 4.3 is not provided as there is not a 36" wide clear path of travel. See photograph number 1.

16e. Failure to provide accessibility to recreation facilities which do not provide a pool

lift for disabled accessibility; not compliant with the ADAAG 4.3.2. See photograph number 1.

16f. The swimming pool gate lock is not operable with a closed fist this is not compliant with the ADAAG 4.13.9. See photograph number 4.

16g. The rooms all have door hardware that is inoperable with a closed fist in violation of section 4.13.9 of the ADAAG. See photograph number 2.

16h. The rooms all have rises at the doorway in violation of section 4.13.8 of the ADAAG. See photograph number 2.

16i. There is a rise in excess of one half inch at the office entrance in violation of section 4.5.2 of the ADAAG . (No photo)

16j. The facility does not provide any rooms for disabled use in violation of the ADAAG.

16k. The door has a width in violation of section 4.13 of the ADAAG. See photograph number 2.

16l. The controls to various devices throughout the room are inoperable with a closed fist in violation of sections of the ADAAG.

16m. There is no access to the sink in violation of section 4.19 of the ADAAG. See photograph number 7.

17. The discriminatory violations described in Paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA

19. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

22. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals

with disabilities to the extent required by the ADA.

b. An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c. Such other relief as the Court deems just and proper.

DATED: October 4, 2000

**FULLER, MALLAH AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By ______________________
Lawrence A. Fuller, Esquire
Florida Bar No.: 0180470

W:\WPDocs\A.D.A\#1252-CYNTHIA BECKMAN\2nd amend complaint.wpd