IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

CASE NO. 00-6025-CIV-MIDDLEBROOKS

ADVOCATES FOR THE DISABLED, INC.,
a Florida not-for-profit corporation, PETER
SPALLUTO, individually, and ERNST
ROSENKRANTZ, individually,

Magistrate Judge Bandstra

      Plaintiffs,

v.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General Partnership,
and MICHELE BROWNELL, General
Manager of Sea Castle Resort Inn,

      Defendants.
_____/

### MICHELE BROWNELL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, MICHELE BROWNELL ("BROWNELL"), through her undersigned counsel and pursuant to the provisions of Rule 7.1C of the Local Rules of the United States District Court for the Southern District of Florida, files the following Reply Memorandum in Support of her Motion to Dismiss Second Amended Complaint, replying to those matters raised by Plaintiffs, ADVOCATES FOR THE DISABLED, INC., et. al., ("ADVOCATES"), in their Memorandum of Law in Opposition (hereinafter "Second Memorandum in Opposition").

#### MEMORANDUM OF LAW

ADVOCATES' Second Memorandum in Opposition entirely fails to address the critical issue before this Court: Does Plaintiff's Second Amended Complaint state a claim for relief against BROWNELL? It does not and cannot.

BROWNELL's position is as simple as it is direct. Plaintiff's Second Amended Complaint is devoid of any factual allegations that BROWNELL "operates" the facility within the parameters necessary to impose liability under Title III. Plaintiffs fail to allege that BROWNELL has both the control or authority to perform the allegedly discriminatory acts *and* that such acts are the result of her own discretion, as opposed to the policy or mandate of a superior. *See* Howe v. Hull, 874 F. Supp 779,788 (N.D. Ohio 1994). Plaintiffs must allege a short, plain statement establishing facts that, if proven, entitle them to relief. Plaintiffs have not done that.[1] ADVOCATES' naked allegation that "Defendant [which Defendant is not identified] owns; leases; or leases to; or operates" the facility pursuant to Title III is, as to BROWNELL, no more than a general, undefined conclusion, and a logically untenable one at that.

As more particularly argued in BROWNELL's previous memoranda, "owns, leases, leases to or operates" within the meaning of Title III is intended to encompass, for example, the owner of a business who leases a storefront from a separate owner of commercial property. This makes sense. Allowing a business owner to circumvent to requirements of Title III, or alternatively, to pass its attendant obligations to the fee simple owner of property does nothing to facilitate the legislative goal of promoting disability access. However, it does not mean, and has never been interpreted to

---

[1] ADVOCATES simply cannot allege the facts required. The record reflects that ADVOCATES amended its Complaint to add BROWNELL only after efforts to serve the correct (former) owner, a Michigan General Partnership, failed. BROWNELL is involved in this action not because she is responsible for or can order changes in the property in furtherance of the injunctive remedies provided by Title III of the ADA, but in a transparent effort by ADVOCATES to "create" an entity for purposes of service, and to avoid dismissal of all remaining claims..

mean, that Title III injunctive relief, including prevailing party attorneys' fees, may be imposed against an individual employee of a business (no matter what their title). If ADVOCATES' reasoning were adopted by this Court, any employee of an establishment subject to the provisions of Title III of the Americans with Disabilities Act could be sued as an individual defendant under the Act. This is not the law. Although ADVOCATES states that BROWNELL's reliance on Mason v. Stallings, 82 F. 3d 1007 is "completely misplaced" (Second Memorandum, P.2) and that the law is "well settled," not a single citation is offered to refute either the holding or reasoning of Mason, a case which expressly deals with the legislative intent and statutory purpose behind the court's decision not to apply the ADA to individual employees (as opposed to their employers).

ADVOCATES then directs its argument to the affidavit of BROWNELL, even going so far as to characterize it as "false." ADVOCATES argument is nothing more than a diversion elevating form over substance; that is, no matter what BROWNELL's title, no facts have been alleged by ADVOCATES establishing that she is anything other than *an employee of the Sea Castle Resort Motel.* (BROWNELL'S affidavit, attached to her Motion to Dismiss, unequivocally states that she is a desk clerk, not the manager of the Sea Castle Resort Inn. ADVOCATES provides no affidavit to controvert her testimony, relying instead upon a business card.) It would appear that the most ADVOCATES hopes to establish is that at some point in time she *was* a general manager. The distinction is absolutely irrelevant.

Notwithstanding that an employee cannot be held liable for the actions of their employer under Title III of the ADA simply as an agent, BROWNELL, as an employee of the Sea Castle Resort Motel, has never possessed the control or authority over the premises to effect any putative

changes which could be ordered pursuant to ADVOCATES' claims for injunctive relief. Perhaps most importantly, ADVOCATES has never alleged that she has. ADVOCATES can title BROWNELL as they please, they can even attempt to carve out distinctions in time (see revised language of Paragraph 10, Plaintiffs' Second Amended Complaint) - but they cannot change the character of BROWNELL's status with respect to this claim. She was and is an employee, and it is axiomatic that as such, she lacks the operational authority to order construction and/or structural modifications to the premises she does not own/control. In short, how can any employee of the Sea Castle Resort Motel be held responsible for, and ordered by this Court to implement Title III barrier removal and/or construction to property that they do not own or "control" under Title III ? Plaintiffs' position is untenable, both legally and logically, perhaps explaining the paucity of any allegations as to BROWNELL's exercise of control or authority.

This court recently granted ADVOCATES leave to file a Second Amended Complaint, which complaint finally names the correct owner of the property, and more particularly, *the correct entity to which this court could direct injunctive relief*, to the extent a claim for such relief could be maintained. There is no reason for forcing BROWNELL, an individual and employee of the Sea Castle, wholly without authority or control over the subject property, to defend the instant suit at great time and personal expense.

In conclusion, ADVOCATES must meet the basic pleading requirements applicable to all civil actions. ADVOCATES must establish a recognized claim against BROWNELL. It has failed. There is no authority in this jurisdiction recognizing employee liability under Title III solely on the basis of an alleged (and disputed) agency relationship. When challenged by BROWNELL to present

any facts or legal authority to meet the requisite showing, ADVOCATES failed to respond with even one sufficient factual allegation or citation to legal authority. A blanket claim that an individual defendant is the responsible party, without the benefit of any factual allegations that would support that legal conclusion, is insufficient as a matter of law. ADVOCATES' Second Amended Complaint still provides no notice to BROWNELL of the acts giving rise to a viable claim for relief against her. For the above-stated reasons and as set forth in BROWNELL'S Motion to Dismiss Second Amended Complaint, the Motion should be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of October, 2000, a true and correct copy of the foregoing Reply Memorandum of Law was mailed to Lawrence A. Fuller, Esq., Fuller, Mallah & Associates, Attorneys for Plaintiff, 1111 Lincoln Road, PH 802, Miami Beach, Florida 33139 and to Jeffrey B. Smith, Esq., 1401 East Broward Boulevard, Suite 206, Fort Lauderdale, Florida 33301.

DUKE, MULLIN & GALLOWAY, P.A.
Attorneys for Defendant BROWNELL
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301
(954) 761-7200 Telephone
(954) 761-1573 Facsimile

By: _____
Amy J. Galloway, Esq.
Florida Bar No. 581429
Michael P. Hamaway, Esq.
Florida Bar No. 0081302

G:\CLIENTS\1224\01\secondreply.wpd