UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO.00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, PETER SPALLUTO,
Individually, and ERNST ROSENKRANTZ, Individually,

   Plaintiffs,
vs.

SEA CASTLE RESORT MOTEL PARTNERSHIP,
a Michigan Partnership, MICHELE BROWNELL,
as General Manager of Sea Castle Resort Inn,
and LANCASTER SEA CASTLE RESORT, LTD.,
a Florida Limited Partnership,

   Defendants.
_____/



### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, LANCASTER SEA CASTLE RESORT, LTD.'S MOTION TO DISMISS AMENDED COMPLAINT

  The Plaintiffs, ADVOCATES FOR THE DISABLED, INC., PETER SPALLUTO and ERNST ROSENKRANTZ, by and through their undersigned counsel, and pursuant to the provisions of Rule 7.1C of the Local Rules of the United States District Court of the Southern District of Florida and the provisions of Rule 12(b)(6) of the Federal Rules of Civil Procedure, file the following Memorandum in Opposition to the Defendant, Lancaster Sea Castle Resort, Ltd.'s ("Lancaster") Motion to Dismiss the Second Amended Complaint.

*Memorandum of Law*

  The Defendant, LANCASTER, requests dismissal of this case, brought pursuant to provisions of Title III of the Americans with Disabilities Act, 42, U.S.C. 12181, et seq., based upon a complete misreading of the A.D.A., no precedent supportive in its position, and based upon a complete failure to adhere to the proper standards to apply on Motions to Dismiss.



CASE NO.00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA
Page 2

The argument advanced by Lancaster is that because the discrimination suffered by the Plaintiffs in the place of public accommodation occurred prior to Lancaster's ownership interest in the property, it is not a proper Defendant. Such argument belies the plain language of the A.D.A. 32 U.S.C. § 12182 provides that "no individual shall be discriminated on the basis of disability and full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation".

As the Court must accept the facts appearing on the face of the Complaint as true, and consider them along with all reasonable inferences in the Plaintiffs' favor, Jackson v. Okalusa County, 21 F.3d 1531, 1534 (11th Cir. 1994), the Plaintiffs were discriminated against and continue to suffer discrimination in the place of public accommodation that Lancaster currently owns. There is nothing in the language of the act, nor in any case cited by the Defendant, Lancaster, which supports the notion that because a place of public accommodation has been sold there is no remedy for discrimination which occurred. In effect, the A.D.A. provides for injunctive relief against specific property, regardless of how many times or to whom the property is transferred.

The Defendant, Lancaster, also asserts that the Second Amended Complaint is vague, indefinite and certain as to Lancaster. Again, such argument is asserted in the face of no established law. The Federal Rules of Civil Procedure do not require Plaintiffs to set out in detail all of the facts upon which a basis is claimed. Conley vs. Gibson 355 U.S. 41, 45-46(1957). In Decko v. Blimpie's Restaurant, 924 F.Supp. 555 (S.D. N.Y. 1996), the Court elicited the standard for establishing a claim under the A.D.A. To state a claim for discrimination under the A.D.A., the Plaintiff must allege that he has a disability as defined by the A.D.A. that a person owns a place of public

CASE NO. 00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA
Page 3

accommodation that has discriminated against him on the basis of the person's disability. Here, the Plaintiffs' Complaint adequately alleges all necessary elements.

Finally, the Defendant submits, improperly, an Affidavit in Support of its Motion to Dismiss Second Amended Complaint stating that Lancaster has, in fact, made all improvements. However, such unilateral assertions cannot be accepted without an opportunity for Plaintiffs to investigate these assertions. In fact, attached as Exhibit "A" to this Memorandum, is documentation from the Plaintiffs' compliance expert detailing that the assertions with regard to the property being in compliance are not true.

In conclusion, this Court should deny the Defendant Lancaster's Motion to Dismiss the Second Amended Complaint and require the filing of an Answer and Affirmative Defense, if any.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this Plaintiffs' Memorandum of Law in Opposition to Defendant, Sea Castle Resort Motel's Motion to Dismiss Amended Complaint was mailed this 1st day of December, 2000, to:

Amy J. Galloway, Esq.
Duke, Mullin & Galloway, P.A.
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301

FULLER & MALLAH AND ASSOCIATES, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

By: _____
Lawrence A. Fuller, Esquire
Florida Bar #0180470

W:\WPDocs\A D.A\#1252-CYNTHIA BECKMAN\MemOppositLSCRMotDismm2Compl(jln).wpd

FULLER, MALLAH & ASSOCIATES, P.A. • PENTHOUSE 802, 1111 LINCOLN ROAD MALL • MIAMI BEACH, FLORIDA 33139-2493 • (305) 538-6483

# *ACCESS-ABILITY, INC.*

610 E. SAMPLE RD., POMPANO BEACH, FL. 33064
VOICE: (954) 942-1882 FAX: (954) 781-1282
OCG#:#:#: 051895 FED ID#: 630386560
www.access-ability.com

November 30, 2000　　　　　　　　　　　　　　　　　　　File# AAGM0087
Fuller, Mallah & Associates, P.A.
Penthouse 802
1111 Lincoln Road Mall
Miami Beach, FL. 33139

RE: Sea Castle Resort Inn
730 N. Ocean Blvd.
Pompano Beach, FL 33062
ATTN.: Jeff Blaker Esq.

　　In response to your request I visited the Sea Castle motel this afternoon. Upon arrival it was evident that the most basic and readily achievable abatements were improperly attempted. As a result the status quo Parking, Entrance Access and Path of Travel remain wholly inaccessible and in violation of Title III of the Americans with Disabilities Act. Notable violations are described below:

1. The disabled parking remains non-compliant with improperly designed spaces resulting in no accessible route violating sections 4.3 and 4.6.3 of the ADAAG.

2. The ramp from the parking area has a slope in excess of 1:12 in violation of section 4.8.4 of the ADAAG

3. There is no access to the office for checking in or to partake in the complimentary breakfast served daily in violation of civil rights and section 4.13.8 of the ADAAG.

4. Within the office there are several violations including a counter that is in excess of 36" without providing an accessible alternative violating the provisions of section 9 of the ADAAG.

　　Additionally, a disabled use room has been added since the time of the initial report that purports to satisfy the requirements of the act. However, it appears that this room may not conform with th standards set forth by th ADAAG. Therefore it is my recommendation that a complete follow up report with photographs be prepared to properly assess the overall state of accessibility at the facility.

　　　　　　　_[signature]_　　　　　　　　　　　　　　11/30/00
　　　　Gene C. Mattera Access-Ability Inc.　　　　　　　　Date