NON-COMPLIANCE OF S.D. fla. L.R. 5.1(B)

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

CASE NO. 00-6025-CIV-MIDDLEBROOKS

Magistrate Judge Bandstra

ADVOCATES FOR THE DISABLED, INC.,
a Florida not-for-profit corporation, PETER
SPALLUTO, individually, and ERNST
ROSENKRANTZ, individually,

       Plaintiffs,

v.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General Partnership,
and MICHELE BROWNELL, General
Manager of Sea Castle Resort Inn,
and LANCASTER SEA CASTLE RESORT, LTD.,
a Florida Limited Partnership,

       Defendants.
_____/



FILED by _____ D.C.

DEC 7 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
LANCASTER SEA CASTLE RESORT, LTD.'s
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, LANCASTER SEA CASTLE RESORT, LTD., a Florida Limited Partnership, ("LANCASTER"), through its undersigned counsel and pursuant to the provisions of Rule 7.1C of the Local Rules of the United States District Court for the Southern District of Florida, files the following Reply Memorandum in Support of its Motion to Dismiss Second Amended Complaint, replying to those matters raised by Plaintiffs, ADVOCATES FOR THE DISABLED, INC., et. al., ("ADVOCATES"), in their Memorandum of Law in Opposition (hereinafter "Memorandum in Opposition").



**DUKE, MULLIN & GALLOWAY, P.A.**
1700 East Las Olas Blvd ▪ Penthouse I ▪ Ft. Lauderdale, FL 33301 ▪ Tel. (954) 761-7200

Case Number: 00-6025-CIV-MIDDLEBROOKS    Page No. 2

## MEMORANDUM OF LAW

ADVOCATES' Memorandum in Opposition entirely fails to address the two substantive points raised in LANCASTER'S Motion to Dismiss. The first issue ADVOCATES ignores is that it has not visited the property subsequent to the change in ownership to LANCASTER. The point is absolutely critical because it is logically impossible for a claim to lie against LANCASTER if, at the time of the alleged injury giving rise to their claim, LANCASTER was *not* the entity "who owns, leases, or operates a place of public accommodation." Suffice it to say, and pursuant to their own authority, ADVOCATES, must allege that a person "who owns, leases, or operates a place of public accommodation" discriminated against them. *Detko v. Blimpie's Restaraunt*, 924 F.Supp. 555 (S.D. N.Y. 1996) ADVOCATES simply can't do that with respect to LANCASTER because LANCASTER, a new owner, wasn't the entity who allegedly discriminated against them. Faced with this inescapable fact, ADVOCATES attempts to argue that, "in effect, the ADA provides for injunctive relief against specific property, regardless of how many times or to whom the property is transferred"(Memorandum in Opposition, Page 2). This is fundamentally incorrect. ADVOCATES provides no authority for the proposition that the ADA imputes some sort of continuing and never ending liability to specific property. In fact, such an interpretation ignores the plain language of the Act and its focus on ownership and control.

The ADA provides for injunctive relief against a person "who owns, leases, or operates a place of public authority." The purpose of the Act is to *ensure accessibility* by allowing individuals to sue the person or entity who discriminated against them in order to compel changes to the property which would alleviate the discrimination. In furtherance of that goal, the statute provides

for a class of potential defendants (owners, lessors, operators) with the requisite authority and control to effect the *injunctive relief* provided for as a remedy in the statute  In contrast, ADVOCATES' interpretation of the ADA seems to fundamentally ignore the goal of ensuring accessibility by way of injunctive relief, and instead, attempts to impute a broad continuing liability analysis akin to "Superfund" and laws regulating environmental clean up.  The interpretation is not only without any basis in law, it is illogical.  Suffice it to say, no court could order injunctive relief (removing barriers to disability access) directed to a former owner as the former owner no longer owns or maintains any control over the property, and, thus, would have no right or authority to remove barriers to disability access.  Conversely, no court could hold a new owner to answer for injunctive relief giving rise out of facts which preceded its ownership because Plaintiffs have not, as to that new owner (and his new property), suffered the requisite discrimination giving rise to a claim, and might not (if the new owner removed the alleged barriers)  suffer the discrimination at all.

ADVOCATES' Memorandum also fails to address the other substantive reason raised by LANCASTER in support of dismissal; that is, ADVOCATES' insertion of asterisks where allegations of predicate fact should appear (ADVOCATES' Second Amended Complaint, Paragraphs 15 - 17).  ADVOCATES responds by reciting longstanding principles applicable to a Motion to Dismiss. *See, Conley v. Gibson*, 355 U.S. 41 (1957); *Detko v. Blimpie's Restaruant*, 924 F. Supp. 555.  The standard for entertaining a Motion to Dismiss, as articulated by *Conley* and *Detko*, is not in dispute here. (It is a well-established proposition that the Plaintiff need not come forward with "proof" of his allegations, and that facts which have been alleged must be taken as true.) However, as indicated above, ADVOCATES does not articulate any "facts" which could be

given the legal deference referenced above. At best, ADVOCATES has made conclusory, unsupported allegations that "Defendant has discriminated. . ." At worst, they have wholly failed to plead any predicate facts, instead inserting typographical signals (****) where such allegations should appear. Conclusory, vague or general allegations cannot survive a Motion to Dismiss. *See, Detko v. Blimpie's Restaruant* 924 F. Supp. 555. LANCASTER'S Motion to Dismiss should be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of December, 2000, a true and correct copy of the foregoing Reply Memorandum of Law was mailed to Lawrence A. Fuller, Esq., Fuller, Mallah & Associates, Attorneys for Plaintiff, 1111 Lincoln Road, PH 802, Miami Beach, Florida 33139 and to Jeffrey B. Smith, Esq., 1401 East Broward Boulevard, Suite 206, Fort Lauderdale, Florida 33301.

DUKE, MULLIN & GALLOWAY, P.A.
Attorneys for Defendants
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301
(954) 761-7200 Telephone
(954) 761-1573 Facsimile

By: _____
Amy J. Galloway, Esq.
Florida Bar No. 581429
Michael P. Hamaway, Esq.
Florida Bar No. 0081302

G:\CLIENTS\1224\01\thirdreply.mem.wpd