UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:00-6025-CIV-MIDDLEBROOKS
MAGISTRATE:BANDSTRA

01 JAN 24 PM 12 04

ADVOCATES FOR THE DISABLED, INC. et al.,

    Plaintiff(s),

vs.

LANCASTER SEA CASTLE RESORT, LTD.,

    Defendant(s).
_____/

## SOUTHERN DISTRICT JOINT SCHEDULING REPORT WITH PROPOSED ORDER

PROPOSED TRIAL DATE:    After 210 days from the Court's Order approving Joint Scheduling Report.

                           Proposed Trial Date: December 1, 2001

ESTIMATED TIME FOR TRIAL: 2 Days, Non-Jury

CASE MANAGEMENT TRACK: Standard

    The parties, pursuant to Local Rule 16.1 (B) (7) file their Joint Scheduling Report as follows:

**A.    SCHEDULE**

    The Parties propose the following Schedule:

| Date | Event |
|---|---|
| 120 days from the Court's Order approving Joint Scheduling Report. 5/1/01 | All non-dispositive pre-trial motions (including motions pursuant to Fed.R.Civ.Proc.14,15,18-22 and 42) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Rule 15(a) or 15(d) shall comport with Local Rule 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |



FULLER, MALLAH & ASSOCIATES, P.A. • PENTHOUSE 802, 1111 LINCOLN ROAD MALL • MIAMI BEACH, FLORIDA 33139-2493 • (305) 538-6483

Joint Scheduling Report  
Page 2

CASE NO.:00-6025-CIV-MIDDLEBROOKS

| | |
|---|---|
| 45 days from the Court's Order approving Joint Scheduling Report. OR BY: 2/15/01 | Plaintiff shall furnish opposing counsel with written list containing the names and addresses of all expert witnesses intended to be called at trial and only those experts shall be permitted to testify. Within the thirty (30) day period following this disclosure, Plaintiff's shall make their experts available for deposition by Defendant without further Order from the Court. |
| 75 days from the Court's Order approving Joint Scheduling Report OR BY: 3/17/01 | Defendant shall furnish opposing counsel with written list containing the names and addresses of all expert witnesses intended to be called at trial and only those experts shall be permitted to testify. Within the thirty (30) day period following this disclosure, Defendant shall make its experts available for deposition by Plaintiffs without further order from the Court. |
| 105 days from the Court's Order approving Joint Scheduling Report OR BY: 4/16/01 | All expert Discovery shall be completed. |
| 150 days from the Court's Order approving Joint Scheduling Report 5/31/01 | All Discovery shall be completed. |

Joint Scheduling Report  
Page 3

CASE NO.:00-6025-CIV-MIDDLEBROOKS

| | |
|---|---|
| 210 days from the Court's Order approving Joint Scheduling Report 7/30/01 | All dispositive pretrial motions and memoranda of law must be filed. |
| 210 days from the Court's Order approving Joint Scheduling Report OR BY: 7/30/01 | Mediation shall be completed. |
| 210 days from the Court's Order approving Joint Scheduling Report OR BY: 7/30/01 | **Pretrial Stipulation**: The Joint Pretrial Stipulation pursuant to Local rule 16.1(E) shall be filed. In addition, all motions in limine shall be filed. Motions in limine shall include, but not limited to, issues relating to the admissibility of evidence, the qualification of expert witnesses, claims of privilege, and other threshold matters under Fed. Rule Civ. Proc.104(a). The pretrial memoranda shall succinctly summarize each of the major evidentiary and legal issues in dispute. All memoranda shall cite, and explain the applicability of, relevant cases (shepardized) in support of each parties' position. Copies of significant cases shall be attached to the memoranda with relevant portions highlighted. **The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions.** |
| After 210 days from the Court's Order approving Joint Scheduling Report OR BY: N/A | Suggested pretrial conference. |
| December 1, 2001 | Suggested Trial date. |

Joint Scheduling Report  CASE NO.:00-6025-CIV-MIDDLEBROOKS
Page 4

**B. LIKELIHOOD OF SETTLEMENT**

The parties discussed possible settlement and Plaintiff advised it would present Defendant with a settlement offer after completion of specified discovery. The parties will advise the Court of any settlement.

**C. LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES**

Unknown at this time.

**D. PROPOSAL FOR THE FORMULATION AND SIMPLIFICATION OF ISSUES INCLUDING THE ELIMINATION OF FRIVOLOUS CLAIMS OR DEFENSES**

The parties at this time have no proposals for Simplification.

**E. THE NECESSITY OR DESIRABILITY OF AMENDMENTS/ PLEADINGS**

Unknown at this time.

**F. THE POSSIBILITY OF AUTHENTICATING DOCUMENTS AND ENTERING IN AGREEMENTS, ELIMINATING THE NEED FOR COURT INTERVENTION ON THE ADMISSIBILITY OF EVIDENCE**

The parties anticipate that they will be able to Stipulate to additional facts and to the authenticity of most, if not all documents after Discovery.

**G. SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND ACCUMULATIVE EVIDENCE**

The parties will meet to pre-admit evidence in a uniform manner.

**H. SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO MAGISTRATE JUDGE OR MASTER**

The parties are unable to agree on final disposition by Magistrate Judges of Motions for Costs, Motions for Attorneys' Fees, Motions for Sanctions, Motions to Dismiss, and Motions

for Summary Judgement, and Trial.

There are no other unique issue in this case, which should be referred to a special Master or Magistrate Judge.

I.  **OTHER INFORMATION THE PARTIES DEEM HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

   1.  Statement of the Nature of the Claim:

       This is a suit for injunctive relief brought pursuant to the provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. The Defendant Lancaster Sea Castle Resort, Ltd. ("Lancaster Sea Castle"), is the owner of a place of public accommodation as defined under the Americans with Disabilities Act. The Plaintiff seeks an injunction requiring the removal of architectural barriers to the physically disabled that the Plaintiff contends are readily achievable. The Defendants, Lancaster Sea Castle and Michelle Brownell, have filed Motions to Dismiss which are presently pending. The case is no yet at issue.

   2.  Summary of Stipulated or Uncontested facts:

       A.  The Defendant, Lancaster Sea Castle, is the owner of the place of public accommodation described above. The Defendant, Michelle Brownell, was sued in her capacity as a Manager, a position Brownell no longer holds and a Motion to Dismiss as to her status as a proper defendant under the Act is pending.

       B.  The Defendant's property is a place of public accommodation within the meaning of the Americans with Disabilities Act .

    C.    The provisions of the Americans with Disabilities Act and certain of the federal regulations enacting the Americans with Disabilities Act, 28 C.F.R. Part 36, apply in this action.

2.    <u>Summary of issues as presently known</u>:

    A.    Whether the Defendant's property contains barriers to access as defined under the Americans with Disabilities Act.

    B.    Whether the removal of any such barriers is required or is readily achievable.

    C.    Whether the removal of the barriers, if any, would create an undue hardship on the Defendant.

    D.    Whether the Plaintiffs are entitled to attorneys' fees and costs for this action.

4.    <u>Summary of pending motions, if any</u>:

Motions to Dismiss filed on behalf of Brownell and Lancaster Sea Castle.

5.    <u>Progress of discovery in the case, if any</u>:

The Plaintiffs have served Interrogatories and a Request for Production. Prior to such response, the parties are complying with informal discovery required by L.R. 16.1. The parties have completed/will complete an inspection of the Defendant's property with the respective representatives of the parties. The parties shall confer regarding the disclosure requirements of Fed. R. Civ. P.(26)(a)(1-4)

6.    <u>Unique legal or factual aspects of the case</u>:

None.

## J. LEAD COUNSEL FOR EACH OF THE PARTIES AS PRESENTLY OF RECORD

_____
Lawrence A. Fuller, Esquire
Florida Bar No.: 0180470
Attorney for Plaintiff
FULLER, MALLAH & ASSOCIATES, P.A.
111 1 Lincoln Road, Suite 802
Miami Beach, FL 33139
Telephone: (305) 538-6483
Facsimile: (305) 534-9894
Date: 1/19/01

_____
Amy J. Galloway, Esquire
Florida Bar No.: 581429
Attorney for Defendant
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301
(954) 761-7200
Date: January 18, 2001

G:\CLIENTS\1224\01\JSR(mm)'.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
CASE NO. 00-6025-CIV-MIDDLEBROOKS
MAGISTRATE JUDGE: BANDSTRA

ADVOCATES FOR THE DISABLED,
INC., a Florida not-for-profit corporation,
PETER SPALLUTO, individually, and
ERNST ROSENKRANTZ, individually,

    Plaintiffs,
vs.

SEA CASTLE RESORT MOTEL
PARTNERSHIP, a Michigan General
Partnership, and MICHELE BROWNELL,
General Manager of Sea Castle Resort Inn,

    Defendants.
_____/

## PLAINTIFFS' INITIAL RULE 26 DISCLOSURES

Plaintiff, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, PETER SPALLUTO, individually, and ERNST ROSENKRANTZ, individually, by and through undersigned counsel, file their Initial Disclosures pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure.

1.    The following individuals are known to Plaintiff to be likely to have discoverable information relevant to disputed facts.

    a.    Ernst Rosenkrantz
        c/o Fuller, Mallah & Associates
        1111 Lincoln Road, Suite 802
        Miami Beach, FL 33139
        (305) 538-6483

Subject: Barriers to access existing at the subject property. Information regarding Advocates for the Disabled, Inc.

    b.    Peter Spalluto
          610 East Sample Road
          Pompano beach, Florida 33064

Subject: Barriers to access existing at the subject property.

2. Description by category of documents, data or tangible things relevant to disputed facts (copy of documents provided to defendants):

    a.    Broward County tax record indicating ownership of LANCASTER SEA CASTLE RESORT which is subject to this complaint.

    b.    Broward County tax record indicating ownership of the property on which the subject LANCASTER SEA CASTLE RESORT is located.

    c.    Title records indicating ownership of LANCASTER SEA CASTLE RESORT which is subject to this complaint and any mortgages on the property.

    d.    Broward County property appraiser document indicating ownership of property.

    e.    Initial investigative report identifying the existence of barriers to accessability and violations of the Americans with Disabilities Act including photographs of the subject property

3. Plaintiffs have made no claim for damages in this action.

4. There are no insurance agreements relevant to this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail on this 19th day of January, 20001, to:

Amy J. Galloway, Esq.
Duke, Mullin & Galloway, P.A.
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301

CASE NO.: 00-6025-CIV-MIDDLEBROOKS
Plaintiffs' Initial Disclosure
Page 3

Respectfully submitted,

FULLER, MALLAH & ASSOCIATES, P.A.
Attorneys for Plaintiffs
1111 Lincoln Road, PH 802
Miami Beach, FL 33139
Tel: (305) 538-6483 - Dade
Tel: (954) 463-6570 - Broward
Fax: (305) 534-9894

By: _____
Lawrence A. Fuller, Esquire
Florida Bar No.: 0180470

W:\WPDocs\A.D.A\#1252-CYNTHIA BECKMAN\InitialDisclose.wpd

## I    L.R. 16.1 WITNESS DISCLOSURE

1. Michelle Brownell, employee of the Sea Castle
   c/o Amy J. Galloway, Esquire

2. Thomas Gronemeir, Managing Partner of the Sea Castle
   c/o Amy J. Galloway, Esquire

3. Cynthia J. Beckman
   Sea Castle Resort Motel Partnership
   (current address unknown)

4. Hugh Beckman
   Sea Castle Resort Motel Partnership
   (current address unknown)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO:00-6025-CIV-MIDDLEBROOKS
MAGISTRATE: BANDSTRA

ADVOCATES FOR THE DISABLED, INC. et al.,

   Plaintiff(s),

vs.

LANCASTER SEA CASTLE RESORT, LTD.,

   Defendant(s).
_____/

## PROPOSED JOINT SCHEDULING ORDER

This case came on for hearing on the Joint Scheduling Report filed by the parties, and based upon the Joint Scheduling Report, it is

ORDERED and ADJUDGED as follows:

This case is assigned to the standard track case management track pursuant to provisions of Rule 16.1 (A) of the Local Rules of the United States District Court for the Southern District of Florida. It is further,

ORDERED and ADJUDGED that all Non-dispositive Motions directed to join additional parties and to amend the pleadings will be accomplished on or before_____; and it is further,

ORDERED and ADJUDGED that Plaintiffs shall disclose their expert witnesses on or before _____ and the Defendant(s) shall disclose their expert witnesses on or before_____ _____ and it is further,

ORDERED and ADJUDGED that the parties shall conclude discovery of this matter on or

before _____ and it is further,

    ORDERED and ADJUDGED that all dispositive motions and memorandum of law shall be filed on or before_____with reply memorandum to follow within the rules of procedure and it is further,

    ORDERED and ADJUDGED that Manual on Complex Litigation shall not be used in this matter, and it is further,

    ORDERED and ADJUDGED that the case is set for Pre-Trial Conference on_____, and it is further,

    ORDERED and ADJUDGED that this case is set for Trial commencing on the trial period _____ at _____ a.m/p.m., and all parties are directed to report to the Calendar Call on _____ at_____a.m./p.m.

    DONE and ORDERED in Chambers this _____ day of _____,_____ at Miami Dade County, Florida.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

Copies Furnished To:

Lawrence A. Fuller, Esquire
FULLER, MALLAH & ASSOCIATES
1111 LINCOLN RD. #802
MIAMI BEACH, FL.33139

Amy J. Galloway, Esquire
Duke, Mullin & Galloway, P.A.
1700 East Las Olas Boulevard, PH-1
Fort Lauderdale, Florida 33301